# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA, WESTERN DIVISION

| | |
|---|---|
| Daniel Hagopian,<br><br>  Plaintiff,<br><br>v.<br><br>Citation Oil & Gas Corporation and Brigade Energy Services, LLC,<br><br>  Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendant Brigade Energy Services, LLC ("Brigade Energy") files this Notice of Removal of the above captioned action from the District Court for McKenzie County, North Dakota, based on diversity of citizenship under 28 U.S.C. § 1332(a), as demonstrated below.

1. Plaintiff Daniel Hagopian ("Plaintiff" or "Hagopian") commenced an action in the McKenzie County District Court, Northwest Judicial District, State of North Dakota, by service of a Summons and Complaint on April 21, 2022, a copy of which is attached as Exhibit 1 to the Affidavit of John Hughes.

2. In the Complaint, Plaintiff seeks monetary damages arising out of personal injuries he sustained when he was struck by the detonation of a wireline explosive while he was working at a well site in rural McKenzie County, North Dakota designated as Trailside Fed 23-3 SWD. The Complaint asserts claims for negligence and gross negligence. (Ex. 1: Complaint at ¶¶7-17). The State Court

Action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

3. Brigade Energy served an Answer on May 13, 2022.

4. Citation Oil & Gas served an Answer on May 11, 2022.

5. To the best knowledge, information and belief of Brigade Energy, no further process, pleadings, or orders have been filed or served in this matter.

6. Upon information and belief, Plaintiff is a resident of the City of Williston, State of North Dakota. (Ex. 1: Complaint at ¶2).

7. Defendant Brigade Energy is a Delaware Limited Liability Company organized under the laws of Delaware with its principal place of business in the City of Denver, State of Colorado. Brigade Energy Holdings, LLC is the sole member of Brigade Energy, and it is organized under the laws of Delaware. None of the members of Brigade Energy Holdings, LLC are residents of North Dakota. Therefore, Brigade Energy is a citizen of the state of Colorado and the state of Delaware. *See Onepoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (holding that limited liability company's citizenship is the citizenship of each of its members); 28 U.S.C. 1332(c)(1).

8. Defendant Citation Oil & Gas Corporation ("Citation Oil & Gas") is a corporation organized under the laws of Delaware, with its principal place of business in the city of Houston, State of Texas. (Ex. 1; Complaint at ¶4). Therefore, Citation Oil & Gas is a citizen of the states of Delaware and Texas. 28 U.S.C. 1332(c)(1).

9. Complete diversity of citizenship therefore exists between the parties. 28 U.S.C. § 1332(a)(1).

10. The Complaint seeks an unspecified amount of damages, but alleges monetary damages in excess of $50,000 and seeks to recover monetary damages for (1) Past and future medical expenses; (2) past and future physical pain; (3) past and future mental anguish; (4) past and future loss of earning/earning capacity; (5) past and future physical impairment; (6) past and future disfigurement; and (7) future need for full-time caregiver/housekeeper/assisted living. (Complaint at ¶19).

11. Plaintiff's claims do not, by their nature, limit damages to less than $75,000. 28 U.S.C. 1446(c)(2).

12. Plaintiff's Complaint alleges severe and permanent injury and impairment related to injuries suffered during the accident. Plaintiff seeks a broad range of damages that include pain and suffering, past and future medical expenses, loss of earnings, and loss of earning capacity. These allegations of severe injuries and extensive damages, by themselves, demonstrate that more than $75,000 is in controversy. *See e.g., In re Baycol Products Litigation*, 2003 WL 24229818 at *2 (D.Minn. Dec. 12, 2003) (holding that amount in controversy was satisfied based on allegations in the complaint involving severe pain and suffering, mental distress, emotional anguish, reduced enjoyment of life, and increased medical expenses); *Tauzier v. Dodge*, 1998 WL 227170 at *2 (E.D.La., May 5, 1998) ("Although plaintiff's demand did not specify the amount of her damages,

the injuries for which she sought damages plainly suggest that the jurisdictional amount is present" where plaintiff sought damages for past and future pain and suffering, medical expenses, loss of enjoyment and loss of insurance benefits.); *Ashworth v. Albers Medical, Inc.*, 395 F.Supp.2d 395, 414 (S.D.W.Va. 2005) (where plaintiff sought damages for "severe, painful and permanent injuries" arising out of consumption of a counterfeit pharmaceutical, "[a]s pled her compensatory damages alone would suggest that the amount in controversy exceeds $75,000."); *Williams Pipe Line Co. v. City of Mounds View*, 651 F. Supp. 544, 547 (D.Minn. 1986) (holding that the jurisdictional amount of controversy requirement is met unless it appears to a legal certainty that claim is really for less than requisite jurisdictional amount).

13. Therefore, the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

14. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Brigade Energy was served on April 21, 2022. Removal of this action is therefore timely, because this notice is being filed within thirty days of the date Defendant received a copy of the initial pleadings in this case by service or otherwise, pursuant to 28 U.S.C. § 1446(b)(1).

16. The only other Defendant named in the Complaint is Citation Oil & Gas, which has consented to the removal of this action pursuant to 28 U.S.C. §

1446(b)(2)(A). *See* Exhibit 2 to Affidavit of John Hughes: Consent of Citation Oil & Gas dated May 16, 2022.

    17.    Removal of this case to the United States District Court for the District of North Dakota is proper because the District of North Dakota is the district embracing the place where the action is pending, pursuant to 28 U.S.C. § 1441(a).

    18.    Removal of this case is proper pursuant to 28 U.S.C. § 1441(b)(2), because no Defendant is a citizen of the state of North Dakota.

    19.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal has been filed with the Clerk of the McKenzie County District Court, Northwest Judicial District, State of North Dakota, and served on the Plaintiff's attorneys.

    20.    By filing this Notice of Removal, Defendant Brigade Energy does not waive any of its affirmative defenses, including but not limited to its right to move to dismiss for lack of personal jurisdiction, improper process, improper service of process, improper venue, failure to state a claim upon which relief can be granted, and/or failure to join all necessary parties.

    21.    Defendant Brigade Energy reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant removes this action from the District Court for McKenzie County, State of North Dakota, to the United States District Court for the District of North Dakota, and that all further proceedings in this action be held before this Court.

| | |
|---|---|
| Dated this 19th day of May, 2022. | **MEAGHER + GEER, P.L.L.P**<br><br>BY: */s/ John C. Hughes*<br>John C. Hughes, ND ID# 06001<br>1900 Burnt Boat Drive, Suite 101<br>Bismarck, ND   58503<br>Ph:   701.222.1315<br>Direct Ph:  612.347.9110<br>jhughes@meagher.com<br><br>**Attorneys for Defendant Brigade Energy Services, LLC.** |

15152598.1