

**Service of Process Transmittal**
04/21/2022
CT Log Number 541441616

**TO:** Molly Kindsfather
BRIGADE ENERGY SERVICES LLC
5200 DTC PKWY STE 530
GREENWOOD VILLAGE, CO 80111-2720

**RE:** **Process Served in North Dakota**

**FOR:** Brigade Energy Services LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Daniel Hagopian // To: Brigade Energy Services LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # None Specified |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Bismarck, ND |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/21/2022 at 10:48 |
| **JURISDICTION SERVED:** | North Dakota |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Molly Kindsfather mkindsfather@brigade.energy |
| | Email Notification, David Walsh dwalsh@brigade.energy |
| | Email Notification, Huei-Ren Pan hrpan@brigade.energy |
| | Email Notification, Richard Plageman rplageman@brigade.energy |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>120 W Sweet Ave.<br>Bismarck, ND 58504<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1 / SG

EXHIBIT 1



UNLEASH JUSTICE

April 21, 2022

CT CORPORATION SYSTEM
120 West Sweet Ave
Bismarck, ND 58504-5566

      Re:    Daniel Hagopian v Citation Oil & Gas Corporation and Brigade Energy Services, LLC

Dear Sir/Madam:

The North Dakota Secretary of State identifies CT Corporation System as the registered agent for the following entity:

1) Brigade Energy Services, LLC.

Enclosed and served upon CT Corporation, via personal service, please find one (1) copy of the following document:

1) Summons;
2) Complaint; and
3) Demand for Jury Trial.

Thank you for your attention to this matter.

                                       Sincerely,

                                       *Jeffrey S. Weikum*

                                       Jeffrey S. Weikum
                                       *jeff@weikuminjurylaw.com*

Enclosure
cc:    Daniel Hagopian (w/encl) (via email)
7024

Page | 1

120 North 3rd Street, Suite 230, Bismarck, ND 58501
Phone 701.354.0124    Fax 701.354.0151
www.weikuminjurylaw.com

IN DISTRICT COURT
COUNTY OF MCKENZIE
STATE OF NORTH DAKOTA
NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| Daniel Hagopian,<br><br>    Plaintiff,<br><br>v.<br><br>Citation Oil & Gas Corporation and<br>Brigade Energy Services, LLC,<br><br>    Defendants. | CASE NO. |

## Summons

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS:

¶1 You are hereby summoned and required to appear and defend against the Complaint in this action, which is herewith served upon you, by serving upon the undersigned an answer or other proper response within twenty-one (21) days after the service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**(Remainder of page intentionally left blank.)**

Case 1:22-cv-00088-DLH-CRH   Document 1-3   Filed 05/19/22   Page 4 of 14

Dated this 21st day of April 2022.

        WEIKUM LAW, PLLC
        120 North 3rd Street
        Suite 230
        Bismarck, ND 58501
        701.354.0124
        Correspondence: *jeff@weikuminjurylaw.com*
        Service: *litigation@weikuminjurylaw.com*
        By:   */s/ Jeffrey S. Weikum*
               Jeffrey S. Weikum
               ND Lic. No. 05344

        WILLIAMS ATTORNEYS, P.L.L.C
        500 N. Water Street
        Suite 500
        Corpus Christi, TX 78401
        361.885.0184
        Correspondence: *justin@williamstrial.com*
        Service: *service@williamstrial.com*
        By:   */s/ Justin L. Williams*
               Justin L. Williams
               ND Lic. No. 08347

        ATTORNEYS FOR PLAINTIFF

Page **2** of **2**
*Summons*

IN DISTRICT COURT
COUNTY OF MCKENZIE
STATE OF NORTH DAKOTA
NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| Daniel Hagopian,<br><br>    Plaintiff,<br><br>v.<br><br>Citation Oil & Gas Corporation and<br>Brigade Energy Services, LLC,<br><br>    Defendants. | CASE NO. |

# Complaint

¶1 Plaintiff, by his attorneys of record, for his causes of action against the above-named defendants, states and alleges as follows:

## PARTIES

¶2 Plaintiff Daniel Hagopian ("Hagopian") is a resident of the City of Williston, State of North Dakota.

¶3 Defendant, Citation Oil & Gas Corp. ("Citation") is a Delaware corporation doing business in the State of Texas, with its principal place of business in the City of Houston, County of Harris, State of Texas, and doing business, engaging in business, and transacting business in the State of North Dakota.

¶4 Defendant, Brigade Energy Services, LLC ("Brigade") is a Colorado limited partnership with its principal place of business in the City of Denver, County of Denver, State of Colorado, and doing business, engaging in business, and transacting business in the State of North Dakota.

## JURISDICTION

¶5  This Court has jurisdiction over non-resident defendants Citation Oil & Gas Corporation and Brigade Energy Services, LLC because each of the defendants: (a) transacted business in North Dakota, (b) contracted to supply services within the state, (c) committed a tort within the state, causing injury to another person within the state, and (d) has an interest in, possesses, and uses property within the state. Each of the defendants has sufficient minimum contacts with the State of North Dakota or has otherwise intentionally availed itself of the jurisdiction of North Dakota courts consistent with traditional notions of fair play and substantial justice.

¶6  The claims forming the basis of this suit are within the jurisdictional limits of this Court.

## VENUE

¶7  Venue is proper in this Court pursuant to North Dakota Century Code § 28-04-04 and § 28-04-05 because upon information and belief the actions that form the factual background of the suit were committed within the jurisdictional boundaries of McKenzie County in the State of North Dakota.

## FACTUAL BACKGROUND

¶8  On or about November 3, 2021, a surface detonation of a wireline explosive occurred at a rural oil well site designated as Trailside Fed 23-3 SWD operated by defendant Citation. This explosion occurred during a "plug and abandon" procedure. Also on site, to assist in this procedure was a work-over crew from defendant Brigade. Plaintiff Hagopian was an employee of the wireline crew provided by KLX Energy Services to perform the seismic detonation, plug and abandonment.

¶9  Citation and Brigade were acting under a contract where they each contributed services to the operations being performed at the oil & gas well. The exact nature of the contract is not known. Normally, the operator is in charge of the location and actions of the contractors, including any "Company Man" or "consultant." However, it is not known if these were modified by the Citation/Brigade contract. If so, Plaintiff reserves the right to amend his pleading to conform to the contract in effect at the time of the incident.

¶10  The surface detonation resulted in catastrophic injuries to Hagopian. As a result of these injuries, Hagopian can reasonably expect to suffer a permanent loss of functionality in his elbow and hip, and permanent loss of functioning so that he is unable to work in the oilfield or even perform regular household duties within a short period of time which will be a permanent condition.

¶11  As a direct and proximate consequence of the negligence and gross negligence of Citation Oil & Gas Corporation and Brigade Energy Services, LLC, Hagopian suffered severe and permanent physical and emotional damages for which Hagopian seeks recovery.

## CAUSES OF ACTION
## COUNT 1 - NEGLIGENCE

¶7  Plaintiff repeats and incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

¶8  Plaintiff incorporates by reference the allegations contained above as if fully set forth herein.

¶9  At the time of the incident in question, defendant Citation was responsible for the rig operations and overseeing all contractors hired to work on its location. On multiple occasions various contractors and subcontractors informed Citation of the requirement that a company man

be on location during the seismic operation, and this was also required oil & gas industry standards. Citation as the operator and company in charge of well operations therefore knew of the necessity of having a company man present during critical operations, such as those occurring at the time of plaintiff's injury. Citation and/or Brigade ignored the warnings and standards, despite knowing that the KLX Operator was a known hazard who required constant supervision along with the knowledge that the operations required the presence of a "company man" or "consultant" because of the extreme danger level of the operations. Citation and/or Brigade failed to ensure the "consultant" or "company man" took his duties seriously and was on location overseeing operations at the time of the second detonation or "run", where he was not present. Citation and/or Brigade and their consultant or company man ignored the warnings and accepted industry standards and allowed the contractors to proceeded with operations despite the risk of imminent harm and the unreasonably dangerous condition existing at the well site. The citation company man or consultant oversaw the first seismic operation which was performed according to protocol and without incident. Company regulations and oil & gas procedures require that each time charges are detonated the company man be present and observe operations to ensure safe operating procedures. The absolute importance of this was not adequately conveyed by Citation and/or Brigade to the consultant, and not carried out which was the proximate cause of the injuries suffered by Plaintiff. A prudent operator, or one who operated at minimum safety standards would have shut-down operations when the company man was not overseeing operations.

¶10    Defendant Citation and/or Brigade were responsible for the planning, execution, supervision, and safety of the seismic operations for the plug and abandonment operations.

*Complaint*

¶11   Defendants committed acts of omission and commission, which, collectively and severally, constituted negligence. This negligence was a proximate cause of the injuries and damages to Plaintiff.

¶12   Plaintiff further contends that, at all pertinent times, Citation and/or Brigade failed to use reasonable care in establishing onsite safety procedures, overseeing the competency of its subcontractors, and maintenance of the equipment in question. This negligence was a proximate cause of the injuries and damages to Plaintiff.

¶13   Plaintiff further contends that Brigade and/or Citation failed to ensure the company man was present during critical and dangerous operations, specifically the firing or detonation of the seismic guns.

¶14   Citation and/or Brigade were negligent and breached their duty to Hagopian at the above time and place in at least the following respects:

   A. Failing to use reasonable care to inspect and maintain the premises for Daniel Hagopian.
   B. Failing to use reasonable care to ensure that Daniel Hagopian would have safe working conditions for the work that he was performing;
   C. Failing to adequately warn Daniel Hagopian of the dangerous conditions present at the site of the incident;
   D. Failing to exercise its executive role in ensuring that safety procedures and policies were followed at the site;
   E. Failing to inspect or oversee the work of its subcontractors to ensure that proper safety policies and procedures were followed;
   F. Failing to ensure that there was a clear line of vision from the truck to where the guns were to be fired.
   G. Failing to implement appropriate safety procedures in the plug and abandon operation; including ensuring the presence of the consultant whenever the guns were detonated or were about to be detonated.
   H. Failing to follow appropriate safety precautions in the plug and abandon operation.

¶15   Brigade and/or Citation were also negligent in the following particulars, among others, and such negligence was the proximate cause of the pain, suffering, and disfigurement suffered by Hagopian:

    A.    Failing to properly plan the plug and abandon operation;
    B.    Failing to properly implement adequate safety protocols prior to and at the time of the second detonation;
    C.    Failing to properly monitor the plug and abandonment operations; and
    E.    Failing to follow established and accepted industry procedures to ensure the safety of workers like Daniel Hagopian.

¶16   As a direct and proximate consequence of Defendants' negligent acts and omissions, set forth above, Hagopian suffered injuries and damages in an amount to be determined at trial.

## COUNT 2 – GROSS NEGLIGENCE

¶17   The seismic operations are similar to detonating a "bomb" on location. They require that the various contractors including Plaintiff's employer KLX coordinate their actions so that "all parties coordinate" their actions so that safety is paramount. In this case the procedures require that the Citation and/or Brigade "consultant" or "company man" be present to ensure the operations are safely coordinated and performed. In this case the company man was not present for the detonation that injured Plaintiff. Such conduct was reckless, intentional, displayed malice and constituted gross negligence so that punitive damages should be accessed in this case against Citation and/or Brigade.

## DAMAGES

¶18   Plaintiff repeats and incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

¶19    As a direct and proximate result of defendants' negligent, and grossly negligent acts and/or omissions described above, plaintiff suffered substantial injuries and damages for which he seeks recovery in an amount that the jury determines to be fair and reasonable, including the following damages:

- A. **Past & Future Medical Expenses:** Plaintiff Daniel Hagopian incurred bodily injuries, which were caused by the incident in question and will, in reasonable probability, continue to incur reasonable and necessary medical expenses in the future.
- B. **Past & Future Physical Pain:** Plaintiff Daniel Hagopian suffered physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future.
- C. **Past & Future Mental Anguish:** Plaintiff Daniel Hagopian has endured mental anguish in the past and will, in reasonable probability, endure mental anguish in the future.
- D. **Past & Future Loss of Earning/Earning Capacity:** Plaintiff Daniel Hagopian has suffered a loss of earning and/or sustained a loss of earning capacity in the past and will, in reasonable probability, sustain the same in the future.
- E. **Past & Future Physical Impairment:** Plaintiff Daniel Hagopian has sustained physical impairment in the past and will continue, in reasonable probability, to sustain physical impairment in the future.
- F. **Past & Future Disfigurement:** Plaintiff Daniel Hagopian has sustained disfigurement in the past and will, in reasonable probability, continue to sustain disfigurement in the future.
- G. **Future need for fulltime caregiver/housekeeper/assisted living.** Plaintiff at sometime in the future will no longer be able to care for himself and will require assistance in the form of either a caregiver or assisted living.

¶20    All conditions precedent to plaintiff's right to recover the relief sought herein have occurred or have been performed.

¶21    WHEREFORE, the Plaintiff, individually, demands judgment against the defendants individually, in a reasonable sum in excess of Fifty Thousand ($50,000.00) Dollars, together with costs and disbursements herein, including pre-judgment interest as may be allowed by applicable law and further relief as the Court may deem just and proper.

Dated this 21st day of April 2022.

       WEIKUM LAW, PLLC
       120 North 3rd Street
       Suite 230
       Bismarck, ND 58501
       701.354.0124
       Correspondence: *jeff@weikuminjurylaw.com*
       Service: *litigation@weikuminjurylaw.com*
       By:   */s/ Jeffrey S. Weikum*
             Jeffrey S. Weikum
             ND Lic. No. 05344

       WILLIAMS ATTORNEYS, P.L.L.C
       500 N. Water Street
       Suite 500
       Corpus Christi, TX 78401
       361.885.0184
       Correspondence: *justin@williamstrial.com*
       Service: *service@williamstrial.com*
       By:   */s/ Justin L. Williams*
             Justin L. Williams
             ND Lic. No. 08347

       ATTORNEYS FOR PLAINTIFF

IN DISTRICT COURT
COUNTY OF MCKENZIE
STATE OF NORTH DAKOTA
NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| Daniel Hagopian,<br><br>   Plaintiff,<br><br>v.<br><br>Citation Oil & Gas Corporation and Brigade Energy Services, LLC,<br><br>   Defendants. | CASE NO. |

## Demand for Jury Trial

¶1 Plaintiff hereby demands a trial by jury consisting of the minimum number of jurors as are allowed by law.

**(Remainder of this page intentionally left blank.)**

Dated this 21st day of April 2022.

    WEIKUM LAW, PLLC
    120 North 3rd Street
    Suite 230
    Bismarck, ND 58501
    701.354.0124
    Correspondence: *jeff@weikuminjurylaw.com*
    Service: *litigation@weikuminjurylaw.com*
    By:   */s/ Jeffrey S. Weikum*
          Jeffrey S. Weikum
          ND Lic. No. 05344

    WILLIAMS ATTORNEYS, P.L.L.C
    500 N. Water Street
    Suite 500
    Corpus Christi, TX 78401
    361.885.0184
    Correspondence: *justin@williamstrial.com*
    Service: *service@williamstrial.com*
    By:   */s/ Justin L. Williams*
          Justin L. Williams
          ND Lic. No. 08347

    ATTORNEYS FOR PLAINTIFF